IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

STEPHEN C. SHOCKLEY, #1793928 §
§
VS. § CIVIL ACTION NO. 4:17cv196
§
DIRECTOR, TDCJ-CID §

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Christine A. Nowak. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner filed objections.

In his objections, Petitioner first complains that the Magistrate Judge wrongly rejected his claim that his right to due process was violated during closing argument, when the state asked the jury to convict on both his indicted offense and an unadjudicated, extraneous offense. The Magistrate Judge correctly found that this claim is procedurally barred. Petitioner also argues that he never raised this claim. He contends he claimed that the state focused the attention of the jury on the third party rebuttal witness during closing argument. However, a close review of his petition shows that he claim addressed in the Report is the claim Petitioner raised.

Petitioner next objects to the finding that his claim that trial counsel was ineffective for failing to challenge the constitutionality of Texas Penal Code section 21.02 is procedurally barred. However, he cites to page ten of the Report. On that page, the Magistrate Judge correctly found that Petitioner's claim that his right to due process and/or equal protection was denied because Texas

1

Penal Code section 21.02 is unconstitutional is procedurally barred. The Magistrate Judge discussed the ineffective assistance of counsel claim for failing to challenge the constitutionality of Texas Penal Code section 21.02 on pages twenty-six and twenty seven of the Report, which is addressed below.

Petitioner objects to the rejection of his claim that Texas Penal Code section 21.02 is unconstitutionally vague because it does not require jurors to unanimously agree on which predicate offenses he committed. As noted in the Report, however, this issue lacks merit as both federal and state law have rejected this claim. Therefore, Petitioner's objection that the Magistrate Judge erred in rejecting his claim that his counsel was ineffective for failing to investigate Texas Penal Code section 21.02 also does not entitle him to relief.

Petitioner next argues that the Magistrate Judge erred in finding that trial counsel was not ineffective for not objecting to the state's constructive amendment of the indictment. The Report appropriately addressed the issue and Petitioner's objections do not persuade the Court otherwise.

Lastly, Petitioner objects to the finding that counsel was not ineffective for failing to investigate or call witnesses during the punishment phase. First, as noted in the Report, Petitioner failed to attach any affidavits to his federal petition. Second, Petitioner simply disagrees with the Report, and fails to provides any further information than what he originally provided in his § 2254 petition. The Report appropriately addressed this issue and determined it did not entitle Petitioner to relief.

In sum, Petitioner fails to provide a valid basis for his objections, or demonstrate how the Magistrate Judge's Report is incorrect. After reviewing the Report and Recommendations and conducting a *de novo* review of Petitioner's objections, the Court concludes the findings and

conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** the petition for writ of habeas corpus is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 30th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE